UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TONY SMITH,
    *Petitioner*,

v.                                1:23-cv-638-MSN-WEF

HAROLD CLARKE,
    *Respondent.*

## MEMORANDUM OPINION AND ORDER

Virginia inmate Tony Smith ("Petitioner"), proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to vacate his 2011 convictions in the Circuit Court of the City of Virginia Beach, Virginia, for aggravated malicious wounding and conspiracy to commit first-degree murder. [Dkt. No. 1]. On May 30, 2011, Petitioner was sentenced to a total of fifty years in prison. Petitioner, however, has previously filed a § 2254 petition for a writ of habeas corpus challenging the same convictions. *Smith v. Clarke*, Case No. 1:15cv191 (TSE/IDD), 2016 U.S. Dist. LEXIS 31269 (E.D. Va. Mar. 10, 2016), *appeal dismissed*, 671 F. App'x 44 (4th Cir. 2016), *cert. denied*, 581 U.S. 1010 (2017).[1] Accordingly, the Court does not have jurisdiction to entertain a successive petition without an order from the United States Court of Appeals for the Fourth Circuit.

Title 28 U.S.C. § 2244(b) compels a district court to dismiss a second or successive habeas petition absent an order from a panel of the Court of Appeals authorizing the district court to review such a petition. The Court of Appeals will only authorize such a review if a petitioner can show

---

[1] Smith has also filed several other civil actions that have been construed as § 2254 petitions. *Smith v. Comm. Of Virginia*, No. 1:20-cv-00973-TSE-MSN (E.D. Va. Aug. 27, 2020) (independent action alleging his convictions were void), *appeal dismissed*, No. 20-7363 (4th Cir. Nov. 17, 2020); *Smith v. Clarke*, No. 1:21-cv-01207-TSE-MSN (E.D. Va. Nov. 1, 2021) (Rule 60(b) motion).

that (1) the claim has not been previously presented to a federal court on habeas corpus, and (2) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or the claim relies on facts which could not have been previously discovered by due diligence and which show by "clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

The gatekeeping mechanism of § 2244 affords a petitioner "an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue." *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). The power to determine whether a claim satisfies the requirements of § 2244, however, does not lie with the district court. It "must be made by a court of appeals." *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004). Where a court of appeals has not authorized a second or subsequent petition, "the district court lacks jurisdiction" over a successive petition. *Evans*, 220 F.3d at 325. Petitioner has not provided an appropriate order from the United States Court of Appeals for the Fourth Circuit. This Court therefore lacks jurisdiction to consider this successive petition and the petition will be dismissed without prejudice.

Accordingly, it is hereby

ORDERED that this successive petition [Dkt. No. 1] is DISMISSED WITHOUT PREJUDICE to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition.

To appeal this decision, petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written

NOA is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for the reasons stated above.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to petitioner and to close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

July 28, 2023
Alexandria, Virginia